CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 3 1 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY WILLIAM FLETCHER, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06-cv-00323 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MONTGOMERY COUNTY | ) | |
| DEPARTMENT OF SOCIAL | ) | |
| SERVICES, et. al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Timothy Fletcher, an inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Fletcher alleges that the defendants defamed and libeled him in documents they filed as part of an action to terminate his parental rights. He sues the Montgomery County Department of Social Services (MCDSS) and two of its employees, Kelly Edmonson and Latisha Kidd, seeking immediate reinstatement of his parental rights and compensatory and punitive damages.

Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

I.

Fletcher offers the following allegations and evidence in support of his claims. He is currently incarcerated in Pennsylvania pursuant to his conviction for sexual abuse of his daughter, Cheyenne Fletcher, who is now eight years old. He states that his conviction is on appeal and

1

submits DNA evidence indicating that semen and sperm samples related to his criminal case do not match his DNA. Sometime after his conviction, the defendants commenced an action against him and his ex-wife for termination of parental rights so that Cheyenne could be adopted. Documents from the termination proceeding make some statements that Fletcher claims to be false: 1) Fletcher sexually abused Cheyenne; 2) Fletcher sexually abused her older sister, Kristina; and 3) Fletcher kidnapped and sexually abused Cheyenne. Fletcher claims that the defendants either knew these statements were false or recklessly failed to investigate whether or not they were true.

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). First, Fletcher cannot maintain his action against the MCDSS itself. In Virginia, county departments of social services, like states, have Eleventh Amendment immunity against suits for damages under § 1983. Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). As the MCDSS is immune from suit, the court will dismiss all claims against it.

Second, the remaining defendants, as social workers acting in their quasi-judicial capacity, are entitled to absolute immunity against Fletcher's claims for monetary damages. Because their actions in instigating and maintaining parental termination proceedings are similar to the duties of a prosecutor, these defendants are absolutely immune from damage suits related to such conduct. Abdouch v. Burger, 426 F.3d 982, 989 (8th Cir. 2005). See also Vosburg v. Department of Social Services, 884 F.2d 133, 135 (4th Cir. 1989) (finding that social worker has absolute immunity against claims for monetary damages for filing child removal petition). Accordingly, the court must dismiss

2

all claims against these defendants, pursuant to § 1915A(b)(2). See also Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983) (court may dismiss based on affirmative defense under former version of §1915).

Third, Fletcher seeks reinstatement of his parental rights. He does not provide evidence that his parental rights have been officially terminated at this time. The documents he submits appear to indicate that the termination action will be not be final before July 31, 2006 at the earliest. In any event, this court has no jurisdiction to interfere with such civil actions in state courts or to address appeals from decisions of state courts in civil matters. See Plyer v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). See also District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court. Plyer, 129 F.3d at 731. Thus, the court must dismiss Fletcher's claims for injunctive relief ordering that he retain his parental rights. He must pursue retention of these rights in the state courts.

Finally, to the extent that Fletcher attempts to bring claims against these defendants under state law, the court declines to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1337( c). All state law claims will be dismissed without prejudice. An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 31st day of May, 2006.

/s/ James C. Turk
Senior United States District Judge

4